IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO BARBOSA DE OLIVEIRA, | ) | |
| | ) | CIVIL ACTION NO. 3:23-cv-31 |
| Petitioner, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | [UNDER SEAL] |
| LEONARDO ODDO, *Warden*, | ) | |
| *Moshannon Valley Processing Center*, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| MERRICK GARLAND and | ) | |
| ALEJANDRO MAYORKAS, | ) | |
| | ) | |
| Nominal Respondents. | ) | |

## MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto ("Judge Pesto") for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

Pro se Petitioner Osvaldo Barbosa De Oliveira ("Mr. De Oliveira"), a Brazilian national, was ordered removed from the United States on May 29, 2021, after illegally entering the country. (ECF No. 17-1 at 2). He was removed to Brazil on July 1, 2021, but was apprehended by the United States Border Patrol a month later after illegally re-entering the United States. (*Id.*). His prior removal order was reinstated on August 12, 2021, and he was released from custody on an Order of Supervision a week later. (*Id.*). However, after Mr. De Oliveira was arrested and charged with assault and battery of a household member, his Order of Supervision was revoked, and he was taken back into custody on April 18, 2022. (*Id.* at 2–3).

On February 15, 2023, the Court received Mr. De Oliveira's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1). In his Petition, Mr. De Oliveira alleged that his prolonged detention violated 8 U.S.C. § 1231 and his Fifth Amendment due process rights. (*Id.*). Specifically, Mr. De Oliveira alleged that he (1) has been detained by the Department of Homeland Security's Immigration and Customs Enforcement ("ICE") for over 280 days, and thus beyond the 90-day removal period authorized by statute; and (2) he is not likely to be removed in the near future because an unnamed ICE employee told him they "can[no]t deport [him] because they have lost [his] documents[.]" (*Id.* at 5–8). By Mr. De Oliveira's telling, he is being detained for "an undetermined time[.]" (*Id.* at 8).

Respondents filed a Response to Mr. De Oliveira's Petition on September 18, 2023. (ECF No. 17). Therein, Respondents argue that Mr. De Oliveira "has actively refused to cooperate with the process of his removal at every juncture of this process, thus resulting in his continuing ICE detention." (*Id.* at 7). Respondents also submitted the sworn declaration of Deportation Officer Elizabeth Coxhead ("Officer Coxhead"). (ECF No. 17-1). Officer Coxhead's declaration detailed the steps taken to execute Mr. De Oliveira's removal order, including, *inter alia*, (1) scheduling multiple interviews for Mr. De Oliveira with the consulate of Brazil, and (2) repeatedly requesting Mr. De Oliveira's travel documents from the Brazilian consulate. (*Id.* at 3–4).

Officer Coxhead also stated that Mr. De Oliveira had (1) refused to sign a form warning of potential consequences for failure to comply with removal requirements, (2) repeatedly

---

[1] The Court notes that Mr. De Oliveira filed his Petition in the United States District Court for the Middle District of Pennsylvania, and the case was transferred to the United States District Court for the Western District of Pennsylvania on account of Mr. De Oliveira's detention in Moshannon Valley Processing Center. (ECF No. 5).

declined to participate in scheduled interviews with the Brazilian consulate, and (3) applied for asylum in November 2022, but received a negative reasonable fear decision from the Asylum Office, which was affirmed by an Immigration Judge. (*Id.* at 4–5). Moreover, Officer Coxhead explained that once ICE received the requisite travel documents from Brazil, Mr. De Oliveira was scheduled for three removal flights to Brazil, but due to cancellations, a medical issue, and an issue pertaining to Mr. De Oliveira's travel documents, he was not returned to Brazil on those flights. (*Id.* at 5–6). According to Officer Coxhead, Mr. De Oliveira's "removal has been re-scheduled and is expected to occur before the end of October [2023] if not sooner." (*Id.* at 6).

On September 19, 2023, Judge Pesto issued a Report and Recommendation in which he recommended that Mr. De Oliveira's Petition be summarily denied with prejudice. (ECF No. 18). Judge Pesto first concluded that the Petition should be dismissed for "lack of a basis for a writ[,]" finding that Mr. De Oliveira's allegation that ICE "lost" his documents ran afoul of the requirement that "the petitioner set forth all the claims he intends to present and the facts that support those claims." (*Id.* at 1). Judge Pesto further found that Mr. De Oliveira failed to "state facts that point to a real possibility of constitutional error." (*Id.*) (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)). Judge Pesto did not consider Mr. De Oliveira's allegations that ICE "lost" his documents to be facially plausible and therefore determined that Mr. De Oliveira did not sufficiently allege that his custody is wrongful. (*Id.* at 2) (citing *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013)). Accordingly, Judge Pesto concluded that Mr. De Oliveira's Petition was facially inadequate.

Judge Pesto also found that even if the Petition was facially adequate, Mr. De Oliveira's allegations are meritless because ICE "has been moving diligently, over petitioner's . . . opposition

to removal[,]" and his "removal is currently imminently scheduled." (*Id.* at 2). He noted that, under *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), a foreign national subject to a removal order cannot be held indefinitely when the foreign national "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." (*Id.*). And he explained that the presumptively reasonable period of six-months' detention prescribed in *Zadvydas* "assumes a foreign national who is attempting to comply with a final order of removal, not thwart it." (*Id.*) (citing 8 U.S.C. § 1231(a)(1)(C); 8 C.F.R. § 241.13(d)(2); *Morena v. Gonzales*, No. 05-CV-0895, 2005 WL 3307100, at *6 (M.D. Pa. Oct. 4, 2005), *report and recommendation adopted*, 2005 WL 3277995 (M.D. Pa. Dec. 2, 2005) (explaining that "an alien who on his own causes his delay in removal by seeking and obtaining a stay of removal while he challenges his removal order ha[s] tolled the time period within which BICE can detain the alien")).

Applying this standard, Judge Pesto noted that Officer Coxhead's declaration "documents [Mr. De Oliveira's] lack of cooperation in the removal process[,]" and concluded that this lack of cooperation, in conjunction with the insufficient allegations in Mr. De Oliveira's Petition and the fact that his removal was imminently scheduled, compelled the summary denial of the Petition with prejudice. (*Id.*).

As the docket indicates, Mr. De Oliveira had until October 6, 2023, to file written objections to Judge Pesto's Report and Recommendation. (*See* ECF No. 18). To date, however, Mr. De Oliveira has not filed any objections.

"If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). But even absent objections to a report and recommendation, the Court

must "afford some level of review to dispositive legal issues raised by the report." *Id.* (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The Third Circuit has described this level of review as "reasoned consideration." (*Id.*). Thus, the Court reviews Judge Pesto's Report and Recommendation under this reasoned consideration standard.

After reviewing Judge Pesto's Report and Recommendation and the legal conclusions contained therein, the Court will adopt Judge Pesto's conclusion that Mr. De Oliveira's Petition should be dismissed, but, as the Court will further explain, it does so without prejudice.

The Court finds that the two grounds upon which Judge Pesto recommended dismissal of Mr. De Oliveira's Petition are legally sound.

First, Judge Pesto properly concluded that Mr. De Oliveira's Petition lacks a basis in writ because he failed to plausibly plead facts that pointed to a real possibility of constitutional or statutory harm. The thrust of Mr. De Oliveira's argument is that his statutory and constitutional rights have been violated based on his unsubstantiated assertion that ICE personnel informed him that they "lost" his documents and would be unable to deport him for an indeterminable period of time. (ECF No. 1 at 8).

The Court finds, as Judge Pesto did, that these general allegations are insufficient to entitle Mr. De Oliveira to habeas relief. *See, e.g., Bamba v. Hendricks*, No. 14-CV-2735, 2014 WL 2805263, at *9–10 (D. N.J. June 20, 2014) (finding that the petitioner was not entitled to habeas relief where he "allege[d] that there is no likelihood of his removal because the DHS/ICE allegedly lost his travel documents[,]" but "provide[d] no documentary proof of this claim[,]" and the record indicated that the petitioner was repeatedly noncompliant with the removal process); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (explaining that "vague and conclusory allegations"

-5-

are insufficient to warrant habeas relief) (citing *Mayberry v. Petsock*, 821 F.2d 179, 187 (3d Cir. 1987)).

Second, Judge Pesto's conclusion that Mr. De Oliveira has failed to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future is clearly correct. As previously explained, Officer Coxhead's declaration details how Mr. De Oliveira has frustrated his removal process by, among other things, repeatedly refusing to participate in necessary interviews with the Brazilian consulate. (ECF No. 17-1 at 3–5). The Court finds, as Judge Pesto did, that Mr. De Oliveira's role in delaying his own removal tolled the time period within which ICE can detain him. *See* 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended … and the alien may remain in detention during such extended period if the alien … acts to prevent the alien's removal subject to an order of removal."); *Sinistovic v. Aviles*, No. 10-CV-6713, 2011 WL 1792559, at *11 (D. N.J. May 10, 2011) ("Petitioner cannot create the delay in effecting his removal and then seek release from detention pending removal based on the purportedly unreasonable duration of detention.").

Moreover, Officer Coxhead declared that (1) ICE has continuously taken steps to effectuate Mr. De Oliveira's removal, (2) the issues surrounding Mr. De Oliveira's travel documents have been resolved, and (3) after several unsuccessful attempts to have him removed to Brazil, at the time of Officer Cox's declaration, his removal was expected to occur before the end of October 2023. (ECF No. 17-1 at 5–6). Thus, on the record before the Court, there is a significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Grant v. Warden of Clinton Cnty. Corr. Facility*, No. 1:22-cv-0331, 2022 WL 3045842, at *3 (M.D. Pa. Aug. 2, 2022) (explaining that the petitioner's eleven-month detention had not become unconstitutionally

prolonged where the United States was actively working to obtain travel documents to effectuate the petitioner's removal); *Wilkson v. Bureau of Immigration & Customs Enforcement*, No. 06-CV-0853, 2006 WL 2376235, at *5 (M.D. Pa. Aug. 14, 2006) (finding that the petitioner's contention that "his removal is not likely to occur in the reasonably foreseeable future has no support in the record" where he was "scheduled to be on one of the next [removal] flights").

In sum, Mr. De Oliveira's unsubstantiated allegations that ICE lost his documents, along with his failure to show that his removal is not likely to occur in the reasonably foreseeable future, compels this Court to agree with Judge Pesto's conclusion that his Petition be dismissed.

Though the Court has no way of knowing based on the record before it, by the time of this Order's writing, Mr. De Oliveira may have already been removed to Brazil months ago. However, "in an abundance of caution,"[2] the Court will dismiss his Petition "without prejudice and provide [him] an opportunity to file an amended [] petition that sets forth cognizable claims for habeas relief." *Smith v. DA for Cumberland Cnty.*, No. 21-CV-838, 2021 WL 2376665, at *6 (M.D. Pa. June 10, 2021).

Therefore, pursuant to the applicable "reasoned consideration" standard and Local Civil Rule 72.D.2, the Court adopts Judge Pesto's Report and Recommendation insofar as it recommends that Mr. De Oliveira's Petition be denied, but it will do so without prejudice.

---

[2] The Court notes that its caution in this regard is partially informed by the fact that Mr. De Oliveira, who is proceeding pro se, has transferred facilities at least twice during the life of this case. (*See* ECF No. 13) (providing notice that ICE transferred Mr. De Oliveira to a processing center in Louisiana); (*see also* ECF No. 18 at 3) (explaining that notice of Judge Pesto's Report and Recommendation "will be sent to where the respondent asserts petitioner is now being held pending removal"—a correctional center in Arizona).

Finally, a certificate of appealability is not required for federal detainees seeking relief under 28 U.S.C. § 2241. *Muza v. Werlinger*, 415 F. App'x 255, 257 n.1 (3d Cir. 2011); *see also* 28 U.S.C. § 2253(c)(1). It is therefore unnecessary to determine whether one should issue here.

Accordingly, the following Order is entered:

**AND NOW**, this ___24th___ day of June, 2024, it is **HEREBY ORDERED** that Petitioner Osvaldo Barbosa De Oliveira's Petition for Writ of Habeas Corpus, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth in the accompanying Memorandum Order and the Report and Recommendation at ECF No. 18, which is partially adopted by this Court.

**IT IS FURTHER ORDERED** that Petitioner is advised that if he fails to file an Amended Petition **within thirty (30) days from the entry of this Order**, the dismissal of his initial Petition will be deemed to be with prejudice.

**IT IS FURTHER ORDERED** that for administrative purposes only, the Clerk shall mark this matter closed. If Petitioner files an Amended Petition within 30 days of the date of this Order, the Clerk shall re-open the matter.

BY THE COURT:

_/s/ Kim R. Gibson_
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

**Notice by U.S. Mail to:**
Osvaldo Barbosa De Oliveira
A# 216 983 235
Central Arizona Florence Correctional Center
3250 North Pinal Parkway
Florence, AZ 85132